## MOLIERE v. UNITY INDUSTRIAL LIFE INS. CO.

### No. 17431.

Court of Appeal of Louisiana. Orleans.

Jan. 27, 1941.

Chas. J. Mundy, of New Orleans, for appellant.

Normann & Rouchell, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by Jane Moliere against the Unity Industrial Life Insurance Company on a policy of industrial health and accident insurance, in which seventeen weeks' sick benefits, at the rate of $5 per week, or a total of $85 is claimed, and the provisions of Act 310 of 1910 are invoked and double indemnity plus $75 attorneys' fees is also claimed, making the total amount sued for $245.

The petition alleges that the plaintiff had a health and accident policy with the defendant corporation which, in the event of illness, entitled her to weekly payments of $5 during her illness; that the premium on the policy was twenty-five cents per week, which had been paid regularly up to the week ending July 17, 1939; that the defendant refused to accept any more premiums, notwithstanding the fact that offers of payment were repeatedly made; that on the 7th day of November, 1939, plaintiff became ill and presented a claim for one week's disability which defendant refused to pay; and that because of the absence of any provision in the policy which would authorize the company to arbitrarily cancel it, it must be considered as being in force during plaintiff's illness and the payment of premiums waived because of the refusal of the defendant to accept them when tendered.

The defendant answered admitting that the policy was in force until July 17th, 1939, when, it is averred, it lapsed because plaintiff failed to pay the weekly premium. It expressly denied the refusal to accept the premiums subsequent to that date or that any tender was made on behalf of the plaintiff. In the alternative, it is averred

that the defendant was, at all times, in good faith and that, therefore, no penalties or attorneys' fees are due under the provisions of Act 310 of 1910.

There was judgment below dismissing plaintiff's suit as of non-suit and she has appealed. Defendant has answered the appeal asking that there be a definitive judgment in its favor.

■■. The only issue tendered is one of fact, i. e. were the premiums tendered by plaintiff and refused by the defendant?

Plaintiff's testimony is to the effect that two days after the payment of the premium due on July 9th, 1939, which continued the policy in effect up to July 17th, 1939, she went to the office of the defendant company and offered to pay one week's premium of twenty-five cents, which, she says, was refused, upon the ground that "they weren't carrying accident and sick benefits any more" and that "I had paid my book up and I didn't owe anything. In the next two days, I sent my sister, I was still sick and I sent my sister to the office and they refused the money. I sent seventy-five cents to them".

She is corroborated in her statement by her sister, Julia Bayhi, but it is difficult to understand why repeated efforts should have been made to pay premiums at a time when no premiums were due. The offer of three weeks' premium, in advance, when "I had paid my book up" is even more surprising.

Arthur Stemley, plaintiff's nephew and the named beneficiary under the policy, and John Gary, a friend, testified that Enoch Robertson, the defendant's agent refused to accept the premiums when tendered by plaintiff on July 16th, 1939.

It appears that the defendant company had been attempting to convert its outstanding health and accident policies into life insurance and that it wrote a form letter to its policyholders urging them to do so. A copy of this letter is in evidence and is the subject of attack by plaintiff's counsel, who contends that it was an unfair attempt to evade the company's liability by substituting a less advantageous life policy for the existing health and accident policy. However, defendant's counsel contends that it was a beneficial transaction for the insured. Be that as it may, the question here is whether premiums were tendered and refused whether the proposed exchange be advisable or not from the policyholders' standpoint.

Defendant's witnesses, including the collector, Enoch Robertson, H. L. Wilcox, the former cashier and manager of the defendant, and Mr. Groves, an expert actuary, all deny any attempt at coercion in regard to the substitution of plaintiff's policy and also disclaim any refusal of premiums.

The burden of proof rested upon plaintiff and she has failed to sustain it. We find no manifest error in the conclusion of the trial court on the issue of fact presented, consequently, and

For the reasons assigned the judgment appealed from is amended so as to run in defendant's favor dismissing plaintiff's suit.

Amended and affirmed.